# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| ROYLAND DEMETRIC MUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-01060-SHM-tmp |
| | ) | |
| DEPUTY HAGG, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE
## AND GRANTING LEAVE TO AMEND

On April 14, 2023, Plaintiff Royland Demetric Muse, an inmate then confined at the J. Alexander Leech Criminal Justice Complex in Jackson, Tennessee, filed (1) a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2).  On April 24, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  (ECF No. 5 (the "IFP Order").)

The Complaint (ECF No. 1) is before the Court.

Muse alleges that he was removed from a bunk in an elderly pod to a "concret[e] floor violent destructive pod unit where [he] was confrontationally harassed", beaten, and jumped by four gang members.  (ECF No. 1 at PageID 2.)  He was then moved into "a 32-1 hr per day lockdown."  (*Id.*)  Muse alleges that he requested sick call and made an emergency call, but officials ignored the "stress call."  (*Id.*)  He has not been seen by nurses.  (*Id.*)

Muse alleges that he was removed to a "23/1 hr pre-day lock-down unit into a cell for 12 days" without a mat, blanket, or clothing items. (ECF No. 1-1 at PageID 4.) He alleges that he was removed falsely without a criminal charge or a felony warrant. (*Id.*) Muse contends that his "human civil rights" were violated under the First, Eighth, and Fourteenth Amendments. (*Id.*)

Muse alleges that he has suffered permanent nerve damage to his lower back and both hips. (*Id.*) He asserts that he has proof the violations are related to discrimination and to grievances. (*Id.*) He alleges that the defendants "knowingly and willingly ignored and physically violated" Muse's civil and political human rights. (*Id.*)

Muse sues: (1) Deputy Hagg; (2) former Madison County Sheriff Mehr; (3) John Does; and (4) Jane Does. (*Id*. at PageID 1-2) Defendants are sued in the individual and official capacities. (*Id.*)

Muse seeks: (1) "monetary currency"; (2) punitive damages; (3) an injunction[1]; and (4) a "declaratory judgment that all suits be allowed [] approving this relief going forward." (ECF No. 1 at PageID 3.)

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and (2) leave to amend the claims dismissed without prejudice is GRANTED.

I.   **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Muse does not state the nature of the injunction sought.

2

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. ANALYSIS

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court construes the Complaint to allege claims of deliberate indifference to serious medical need, failure to protect, First Amendment retaliation, and a human rights violation.

### A. John Doe & Jane Doe

Muse seeks to sue "John Doe" and "Jane Doe" defendants in the Complaint. (ECF No. 1 at PageID 1-2.) Service of process cannot be made on an unknown or fictitious party. The filing of a complaint against an unidentified "John Doe" or "Jane Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is **DIRECTED** to terminate the references to John Doe and Jane Doe on the docket.

### B. Official Capacity Claims

Muse's official capacity claims against Defendants Hagg and Mehr are treated as claims against their employer at the time the complaint was filed — *i.e.*, Madison County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Madison County may be held liable only if Muse's injuries were sustained pursuant to an unconstitutional custom or policy of the County. Muse does not allege that he has been deprived of a constitutional right because of a policy or custom of Madison County.

Muse's claims against Madison County and Defendants Hagg and Mehr in their official capacity are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief.

### C. Defendants Hagg & Mehr

Muse sues Defendants Hagg and Mehr in their individual capacity. (ECF No. 1 at PageID 1-2.) An individual capacity claim differs from an official capacity claim and seeks to hold an official personally liable for the wrong alleged. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). A plaintiff cannot establish individual liability absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)) ("[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish Section 1983 liability"). Individual liability must "be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the error of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). To the extent Muse may be alleging supervisory liability, supervisory liability requires "'active unconstitutional behavior' on the part of the supervisor." *Zakora v. Chrisman*, 44 F.4th 452, 475 (6th Cir. 2022) (citing *Peatross*, 818 F.3d at 241); *see Winkler v. Madison Cnty.*, 893 F.3d 877, 898 (6th Cir. 2018) (a supervisor who abandons the specific duties of the position in the face of actual knowledge of a breakdown in the proper workings of the department may be held liable).

Muse does not allege that any named Defendant took any specific wrongful action. Muse does not mention Hagg and Mehr in his factual allegations. (*See* ECF No. 1 at PageID 2, 4.)

When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. These general allegations are insufficient to state a claim against any individual Defendant. *Id.* (holding that a complaint that fails to allege any action by a Defendant necessarily fails to "state a claim for relief that is plausible on its face"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

Muse has failed to allege facts sufficient to state a claim to relief against Defendants Hagg and Mehr in their individual capacities. The claims against Defendants Hagg and Mehr in their individual capacities are **DISMISSED WITHOUT PREJUDICE**.

### III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)

("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

### IV.    CONCLUSION

For the reasons set forth above:

A.    The Clerk is **DIRECTED** to terminate references to the John Doe and Jane Doe defendants.

B.    The § 1983 claims against Defendants Hagg and Mehr in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

C.    The Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B) (ii) and § 1915A(b)(1).

D.    Leave to amend is **GRANTED**. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Plaintiff or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an

amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

  E. Plaintiff must promptly notify the Clerk, in writing, of any change of address. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

  IT IS SO ORDERED this *16th* day of May, 2025.

              /s/ *Samuel H. Mays, Jr.*
              SAMUEL H. MAYS, JR.
              UNITED STATES DISTRICT JUDGE